UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-00903-CEM-RMN

TOMAS RAMOS,

    Plaintiff,

v.

JACK'S LEGACY SERVICES LLC.,

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, TOMAS RAMOS ("Plaintiff"), and Defendant, JACK'S LEGACY SERVICES LLC. ("Defendant") (Plaintiff and Defendant collectively referred to as "The Parties"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement, and, in support thereof, state as follows:

1. Plaintiff filed the instant case alleging Defendant violated the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime wages, as well as attorneys' fees and costs. *See* ECF No. 1.

2. Defendant denies the allegations asserted in Plaintiff's Complaint.

3. Given the inherent risks and uncertainties of continued litigation, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiff's

claims. The Parties have determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with litigation.

4. The settlement negotiations were protracted, and a settlement was reached only after the Parties investigated the matter, had in-depth conversations about the facts and law, and Plaintiff's alleged damages, along with applicable law.

5. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were negotiated separate and apart from, and without regard to, the money being paid to Plaintiff as set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## **MEMORANDUM OF LAW**

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the

Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsel who protected the rights of all Parties, and did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by all Parties after extensive investigation. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to the amount of damages that were available to the Plaintiff, and whether Plaintiff is exempt. To this end, the Parties have, at all times, been represented by

competent counsel experienced in the litigation of the instant claims. The amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his claims, including consideration of the probability that Plaintiff would succeed on the merits, and the range of potential possible recovery.

With the Court's approval, the Parties will be resolving all claims and disputes between that arise under/could have arisen under the FLSA stemming from Plaintiff's employment. The Settlement Agreement will result in a full and final settlement as stated in the Settlement Agreement. *See* Ex. A.

Both Parties agree that the attorneys' fees and costs payment was negotiated separate and apart from, and without regard to, the amount being paid to Plaintiff, and further, that same represents a fair and reasonable amount to be paid to Plaintiffs' attorneys.

The Parties submit to this Court that the attached Settlement Agreement is the only agreement governing the settlement.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution is fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted this 5th day of August, 2024.

| ***/s/ Andres Kroboth*** | ***/s/ Frank E. Brown*** |
|---|---|
| Noah E. Storch, Esq. | FRANK E. BROWN |
| Florida Bar No.: 0085476 | Florida Bar No. 734969 |
| Andres Kroboth, Esq. | BUSH GRAZIANO RICE & |
| Florida Bar No.: 1016483 | HEARING, P.A. |
| RICHARD CELLER LEGAL, P.A. | 100 S. Ashley Drive, Suite 1400 |
| 10368 W. SR 84, Suite 103 | Tampa, Florida, 33602 |
| Davie, Florida 33324 | Tel: (813) 228-7000 |
| Telephone: (866) 344-9243 | Fax: (813) 273-0091 |
| Facsimile: (954) 337-2771 | Primary emails: |
| E-mail: | fbrown@bgrplaw.com; |
| Andres@floridaovertimelawyer.com | Secondary emails: |
| Noah@floridaovertimelawyer.com | mmcleod@bgrplaw.com; |
| | awhiteside@bgrplaw.com |
| *Counsel for Plaintiff* | *Counsel For Defendant* |