# FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement ("FLSA Settlement Agreement") is entered into by and between the Plaintiff, TOMAS RAMOS (the "Plaintiff" or "Ramos") and the Defendant, JACK'S LEGACY SERVICES LLC. ("Defendant") (Plaintiff and Defendant are together referred to as the "Parties"). This FLSA Settlement Agreement shall be effective on the date the Court dismisses the Civil Action (as defined below) with prejudice ("Effective Date").

## I.    RECITALS

A.    The Plaintiff filed a Complaint styled *Tomas Ramos v. Jack's Legacy Services LLC.,* in the United States District Court for the Middle District of Florida, Jacksonville Division, Case No. 6:24-cv-00903-CEM-RMN (the "Civil Action"), alleging Defendant violated the Fair Labor Standards Act ("FLSA") in connection with his employment;

B.    Defendant denies it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of the Plaintiff's employment by or relationship with the Defendant. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by or relationship with the Defendant;

C.    The Parties are entering into this FLSA Settlement Agreement for the purpose of settling, compromising and resolving the Plaintiff's FLSA claims;

D.    The Parties acknowledge this settlement is in their mutual best interests; and

E.    The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly, and voluntarily agree as follows:

## II.    SETTLEMENT TERMS

1.    **Recitals:** The Parties acknowledge that all of the Recitals are incorporated as material parts of this FLSA Settlement Agreement.

2.    **No Admission of Liability:** The Plaintiff agrees and acknowledges that this FLSA Settlement Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by the Defendant (or any person or entity acting on its behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation: (1) of any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendant to anyone. Further, the Defendant does not admit: (1) that it has violated the FLSA or any other law or regulation; (2) that it has any liability under the FLSA or any other law or regulation; or (3) that the Plaintiff is the prevailing party.

      **3.**    **Settlement Terms:** Provided the Plaintiff signs this FLSA Settlement Agreement and it is approved by the Court, the Defendant shall pay or cause to be paid, the total sum of $10,000.00 ("FLSA Settlement Payment"), in full settlement and satisfaction of the Plaintiff's FLSA claims, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs. Within 14 calendar days following the Effective Date, the Defendant shall deliver the settlement checks to the Plaintiff's counsel. The FLSA Settlement Payment shall be made as follows:

      **a.**    One check made payable to Tomas Ramos in the gross amount of $2,250.00, less applicable taxes and withholdings, for wages, for which an IRS Form W-2 will be issued to Ramos;

      **b.**    One check made payable to Tomas Ramos in the amount of $2,250.00 in full satisfaction of Ramos' claims for liquidated damages, for which an IRS Form 1099 MISC will be issued to Ramos;

      **c.**    One check made payable to Richard Celler Legal, P.A., in the amount of $5,500.00, in full settlement of Ramos' attorneys' fees and costs, for which an IRS Form 1099 shall be issued to both Tomas Ramos and Richard Celler Legal, P.A. This amount was negotiated separately from the amounts to be paid to Plaintiff.

The Plaintiff acknowledges that the settlement funds he is receiving pursuant to this FLSA Settlement Agreement will compensate him, in full, for any and all hours worked during his employment with the Defendant.

      **4.**    **Dismissal:** Plaintiff agrees to take all reasonably necessary steps to dismiss the Civil Action with prejudice and without costs or fees. Plaintiff also agrees that he will not seek any costs or fees in conjunction with any filings necessary to dismiss the Civil Action with prejudice.

      **5.**    **Release of FLSA Claims:** For consideration that he is otherwise not entitled to receive, the Plaintiff, on his own behalf and for his spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant ("Releasee") from any and all claims the Plaintiff alleged against the Defendant under the FLSA in the Civil Action. Nothing in this FLSA Settlement Agreement shall be construed to prohibit the Plaintiff from (a) challenging the Defendant's failure to comply with its promises to make payment or comply with the other promises in this FLSA Settlement Agreement; (b) asserting his right to any vested benefits under ERISA-covered employee benefit plans as applicable on the date the Plaintiff signs this Agreement; (c) asserting any claim for unemployment or workers' compensation benefits; and/or (d) asserting any claim that cannot lawfully be waived by private agreement.

      **6.**    **Controlling Law, Venue, and Interpretation:** This FLSA Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary. In addition, the Plaintiff acknowledges that jurisdiction and venue over any claims arising under or relating to this FLSA Settlement Agreement shall lie exclusively with

the United States District Court for the Middle District of Florida, Jacksonville Division, or, if that court lacks or refuses jurisdiction, in any court of competent jurisdiction in Orange County, Florida. In the event of litigation regarding an alleged breach of this FLSA Settlement Agreement or to enforce this FLSA Settlement Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including also reasonable attorneys' fees and costs related to any appeal(s).

**7.    Voluntary Acceptance:** The Plaintiff represents and acknowledges that he: (1) has consulted with his legal counsel prior to executing this FLSA Settlement Agreement; (2) has been represented by competent legal counsel in the negotiation of this FLSA Settlement Agreement; (3) has carefully read and fully understands all of the terms of this FLSA Settlement Agreement; (4) has had reasonable time and opportunity to consider this FLSA Settlement Agreement; and (5) has voluntarily entered into this FLSA Settlement Agreement.

**8.    No Reliance:** The Plaintiff represents and acknowledges that in executing this FLSA Settlement Agreement, he did not rely and has not relied upon any representation or statement made by the Defendant, or by any of the Defendant's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this FLSA Settlement Agreement, other than the promises and representations made in this FLSA Settlement Agreement.

**9.    Interpretation:** The language of all parts of this FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This FLSA Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of this FLSA Settlement Agreement. If any portion or provision of this FLSA Settlement Agreement is legally determined to be unenforceable, the remainder of this FLSA Settlement Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this FLSA Settlement Agreement.

**10.    The Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**11.    Execution in Counterparts:** The Parties acknowledge and agree that this FLSA Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any electronic or facsimile signature has the full force and effect of an original signature.

**12.    Authority:** Each party represents that each person executing this FLSA Settlement Agreement on its (or his) behalf has been authorized to sign on behalf of the respective party and to bind it (or his) to the terms of this FLSA Settlement Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this FLSA Settlement Agreement.

**13.    Entire Agreement:** This FLSA Settlement Agreement sets forth the entire agreement between Plaintiff and the Defendant as to settlement of Plaintiff's FLSA claims and

any other claims Plaintiff may have for unpaid compensation arising out of his employment with the Defendant. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this FLSA Settlement Agreement

**THE PLAINTIFF UNDERSTANDS THAT WHEN HE SIGNS BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH HE WILL BE GIVING UP RIGHTS AND CLAIMS HE MAY HAVE, ON THE TERMS STATED IN THIS FLSA SETTLEMENT AGREEMENT.**

**THE PLAINTIFF HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS FLSA SETTLEMENT AGREEMENT. THE PLAINTIFF ACKNOWLEDGES THAT HE HAS CONSULTED WITH HIS ATTORNEY, NOAH STORCH, ESQ., AND SIGNS THIS FLSA SETTLEMENT AGREEMENT KNOWINGLY, FREELY, AND VOLUNTARILY.**

NOW, THEREFORE, the Parties have executed this FLSA Settlement Agreement knowingly, freely, and voluntarily, as of the dates set forth below.

Dated: 07/17/2024

**TOMAS RAMOS**

Dated: 08/05/2024

JACK'S LEGACY SERVICES LLC.

By: Gilles Sassine
Its: General Manager / Owner

Page 4