# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TOMAS RAMOS,

    Plaintiff,

v.

JACK'S LEGACY SERVICES, LLC,

    Defendant.

Case No. 6:24-cv-903-CEM-RMN

## REPORT AND RECOMMENDATION

This cause comes on for consideration without oral argument on the parties' Joint Motion for Approval of Settlement (Dkt. 19), filed August 5, 2024 ("Motion"), as well as an additional statement of counsel (Dkt. 21). The Motion has been referred to me for review and a report and recommendation. Upon consideration, I respectfully recommend that the Motion be granted.

### I. BACKGROUND

On May 13, 2024, Plaintiff Tomas Ramos filed a Complaint against Defendant Jack's Legacy Services, LLC, alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Plaintiff alleges that he worked from May 27, 2022, to July 27, 2023, as a tow truck operator for Defendant. *Id.* ¶ 16. Plaintiff alleges that Defendant failed to

compensate him at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty hours per week. *Id.* ¶¶ 23–24.

On August 5, 2024, the parties filed the instant Motion for settlement approval, which contains a proposed Settlement Agreement. Dkts. 19, 19-1. The parties inform the Court that they have negotiated a settlement of Plaintiff's claims. Under the terms of the Settlement Agreement, Plaintiff will receive $2,250.00 for his alleged unpaid wages and an equal amount for liquidated damages, for a total of $4,500.00. Dkt. 19-1 ¶ 3(a)-(b). Plaintiff's counsel will receive $5,500.00 in attorneys' fees and costs. *Id.* ¶ 3(c). The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 19.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;

 (3) the stage of the proceedings and the amount of discovery completed;
 (4) the probability of [Plaintiff's] success on the merits;
 (5) the range of possible recovery; and
 (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

 Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III.  ANALYSIS

### A.  The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354-55.

I find no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 19 at 3. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 2. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* at 2–4. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of his original claim, I conclude the settlement amount is fair and reasonable. I therefore recommend that the Court find the consideration being paid to Plaintiff to resolve his FLSA claims is fair and reasonable.

**B. The award of attorney's fees and costs is reasonable.**

Turning to the reasonableness of the attorney's fees and costs, in the amount of $5,500.00 in attorneys' fees costs that include the filing fee and service fee for this action, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 19 at 2; Dkt. 19-1 ¶ 3(c); Dkt. 21 at 2. I find that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

The fee award is reasonable under a lodestar analysis as well. Counsel represents that his billable rate is $450.00 an hour, Dkt. 21 at 2, which the Court finds reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that he performed over thirteen (13) hours of work on this matter, Dkt. 21 at 2, which is not excessive. Furthermore, because the proposed award is less than the lodestar amount, the $5,500.00 in attorney's fees and costs is reasonable. I therefore recommend approving $5,500.00 in attorney's fees and costs.

## IV.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. The Joint Motion for Approval of Settlement (Dkt. 19) be **GRANTED**;

2. The case be **DISMISSED with prejudice**; and

3. The Clerk be **directed** to terminate all pending motions and deadlines and close the case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being

served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on August 30, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Carlos E. Mendoza

Counsel of Record